UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEON DUFF, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK GRANDBERRY, et al, <br><br> Defendants. | No. 14 C 8967 <br><br> Magistrate Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Deon Duff initiated this lawsuit against Sergeant Patrick Grandberry, Officer Patrick Reilly and the Village of Maywood, alleging that they violated his Fourth Amendment rights. Counts I and II assert that during an arrest, Grandberry and Reilly used unreasonable and excessive force in violation of 42 U.S.C. § 1983. Count III asserts an indemnity claim against Maywood pursuant to 745 ILCS 10/9-102. Count IV alleges that Maywood is liable for the deprivation of Duff's Fourth Amendment rights because of a formal policy that was the moving force behind Grandberry's and Reilly's unconstitutional conduct. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On August 25, 2015, Defendants filed a Motion to Dismiss Count IV. For the reasons set forth below, the Motion is denied.

## I. FACTUAL ALLEGATIONS[1]

On February 9, 2014, Duff stopped running from a police chase and indicated to officers Grandberry and Reilly that he would surrender by holding his hands up. (Am. Compl. ¶ 8). Despite Duff standing still and not resisting arrest, Grandberry and Reilly assaulted and battered him, both before and after he was handcuffed, resulting in a separated shoulder and facial lacerations. (*Id.* ¶¶ 12–14, 16, 18). Duff has undergone extensive medical treatment for his injuries since February 2014, treatment which is continuing. (*Id.* ¶ 19).

Grandberry and Reilly were employed by the Village of Maywood Police Department. (Am. Compl. ¶¶ 3, 4). Maywood's use-of-force policy permits an officer to use force "less than deadly force" if the officer believes such force is necessary to "effect an arrest." (*Id.*, Count IV, ¶ 20). Duff asserts that this policy allows the use of any degree of force, even force likely to cause great bodily harm to effect an arrest regardless of whether the arrestee poses a threat of physical harm to themselves or the officer, regardless of whether the arrestee is resisting arrest, and regardless of whether the arrestee was attempting to escape from custody. (*Id.* ¶ 25).

## II. DISCUSSION

### A. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d

---

[1] The Court accepts as true all factual allegations in Plaintiff's Amended Complaint (Dkt. 41) and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

1510, 1520 (7th Cir. 1990). A Rule 12(b)(6) motion to dismiss must be considered in light of the liberal pleading standard of Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (internal citations and alterations omitted). A determination of the sufficiency of a claim must be made "on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis omitted). Thus, in reviewing the complaint, the court must assume all well-pleaded facts to be true, "and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff." *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997). "In a civil rights case alleging municipal liability, a federal court may not apply a heightened pleading standard more stringent than the usual Rule 8(a) pleading requirements." *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165 (1993)).

## B. *Monell* Claim (Count IV)

Defendants contend that Maywood's use-of-force policy "clearly reflects the objective reasonableness standard established by the United States Supreme Court to assess the constitutionality of police officer use of force." (Dkt. 45 at 7). Because the

use-of-force policy is not "facially unconstitutional," Defendants argue that Duff's *Monell* claim should be dismissed. (*Id.*).

A claim of liability pursuant to the *Monell* doctrine requires a plaintiff to plead facts allowing the inference that the plaintiff's injuries resulted from official municipal policy, "that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). "Official municipal policy" also includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

Here, Duff alleges that Grandberry and Reilly violated his constitutional rights by using unreasonable and excessive force to arrest him. (Am. Compl., Counts I & II); *see Lester v. City of Chicago*, 830 F.2d 706, 713 (7th Cir. 1987) (An officer's use of force is unconstitutional if, "judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest."). He further alleges that Maywood's use-of-force policy "allows the use of any degree of force so long as it does not result in death to effect an arrest regardless of whether the arrestee poses a threat of physical harm to themselves or the officer, regardless of whether the arrestee is resisting arrest and regardless of whether the arrestee was trying to escape." (Am. Compl.*,* Count IV, ¶ 25). Thus, Duff contends that Maywood's official policy on the use of nondeadly force was the "moving force" behind the violation of his federally protected right. (*Id.,* Count IV, ¶ 28). At the pleading stage, these allegations are sufficient to state a viable *Monell* claim.

*Rivera v. Farrell*, 538 F. Supp. 291, 296 (N.D. Ill. 1982) ("[T]he affirmative promulgation of the policy, ordinance, regulation, etc. and the single unconstitutional act perpetrated pursuant to that official policy is sufficient to link the municipality to the alleged wrongdoing at the pleading stage.").

Defendants contend that Duff's *Monell* claim fails as a matter of law because Maywood's use-of-force policy is not "facially unconstitutional." (Dkt. 45 at 4–7). Despite the Amended Complaint's description of Maywood's policy as "facially unconstitutional," Plaintiff is not presenting a facial challenge to Maywood's use-of-force policy. (Dkt. 56 at 5) ("Plaintiff here is not seeking declaratory or injunctive relief."); *see City of Los Angeles, Calif. v. Patel*, 135 S. Ct. 2443, 2449 (2015) ("A facial challenge is an attack on a statute itself as opposed to a particular application."). Instead, Duff alleges that Grandberry's and Reilly's violations of his constitutional rights were a result of Maywood's unconstitutional use-of-force policy. (Dkt. 56 at 5) ("Plaintiff is only claiming that Maywood is liable under *Monell* . . . because Maywood has an express policy that does not limit the use of non-deadly force to effect an arrest to circumstances where the arrestee poses a threat of harm to themselves, the officers, or others."); *see Elrod v. City of Chicago*, Nos. 07 C 2505, 07 C 0203, 2007 WL 3241352, at *3 (N.D. Ill. Nov. 1, 2007) ("[I]f Plaintiffs prove that [the officer's] violation of their rights was a result of the City's policy, the City as well as [the officer] is liable to Plaintiffs for the damages caused thereby.") (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 691–92, 694 (U.S. 1978)). This renders many of the cases cited by Defendants inapposite. (Dkt. 45 at 3) (citing

*Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 491 (1982)) ("This case presents a pre-enforcement facial challenge to a drug paraphernalia ordinance on the ground that it is unconstitutionally vague and overbroad."); (Dkt. 58 at 5) (citing *Patel*, 135 S. Ct. at 2447 ("Fourth Amendment challenge to a provision of the Los Angeles Municipal Code that compels '[e]very operator of a hotel to keep a record' containing specified information concerning guests and to make this record 'available to any officer of the Los Angeles Police Department for inspection' on demand.") and *Bell v. City of Chicago*, No. 14 C 7382, 2015 WL 4576765, at *1 (N.D. Ill. July 30, 2015) (putative class action "alleging that [City's] impoundment ordinance is facially invalid under the Fourth Amendment and Illinois law")).

Defendants also argue that when reviewed in its entirety, Maywood's use-of-force policy (General Order 1.3) "defines different types of force, sets forth orders for the use of deadly and non-deadly force, presents levels of force based on escalating/de-escalating scale of force options, [and] . . . includes numerous admonitions to [Maywood] officers that their use of force must be reasonably necessary under the circumstances." (Dkt. 45 at 5). Indeed, General Order 1.3 admonishes police officers that they "shall use only that force which is reasonably necessary to effectively bring an incident under control, while protecting the lives of officers and other persons." (*Id.* Ex. 2 (General Order 1.3) at 1).[2] And, officers "will only use the amount

---

[2] Plaintiff agrees that General Order 1.3 is "central" to Count IV and can be considered in its entirety without treating Defendants' motion as a motion for summary judgment. (Dkt. 56 at 2 n.1); *see TCC Historic Tax Credit Fund VII, L.P. v. Levenfeld Pearlstein, LLC*, No. 11 C 8556, 2012 WL 5949211, at *2 (N.D. Ill. Nov. 27, 2012) ("Documents are not 'matters outside the pleadings' within the meaning of Rule 12(d) if they are documents to which the Complaint had referred, that are concededly authentic, and that are central to the

and degree of force reasonably necessary, based upon the totality of the circumstances as reasonably perceived by the officer at the time, to accomplish lawful objectives." (*Id.* ¶ 1.3.2). Further, Maywood police officers are instructed that "[w]hen the use of force is necessary and appropriate, officers shall, to the extent possible, utilize an escalating/de-escalating scale of options and consider less intrusive means." (*Id.* ¶ 1.3.6).

Nevertheless, as alleged in the Amended Complaint, Maywood's use-of-force policy does indicate that "[a]n officer is justified in using force less than deadly force when the officer reasonably believes it is necessary [t]o effect an arrest." (Am. Compl., Count IV at ¶ 21; *see* General Order 1.3 at ¶ 1.3.5). But Supreme Court precedent requires that the officer consider the *totality* of circumstances, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest of attempting to evade arrest by flight," in determining whether the amount of force to effect an arrest is reasonable. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Thus, while it is an extremely close call, viewing the allegations in the complaint and all reasonable inferences therefrom in the light most favorable to Duff, as the Court must at the pleading stage, the Court declines to dismiss Count IV.

Defendants argue that in determining whether Maywood's policy is unconstitutional, the Court should look at the policy "as a whole and in relation to its object

---

plaintiffs' claim, and therefore the court may consider such documents when ruling on a 12(b) motion without converting the motion to a motion for summary judgment.") (alterations omitted) (citing *Santana v. Cook County Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012)).

and purpose." (Dkt. 45 at 4). But placing the policy in context will require the Court to look outside the four corners of General Order 1.3, which is not appropriate at this stage of the litigation. Limited discovery into how this policy was disseminated and explained to Maywood police officers may illuminate how it relates to the allegations in this case. *See Heaney v. Costigan*, No. 09 CV 1006, 2012 WL 1378597, at *1 (D. Colo. Apr. 20, 2012) ("evidence explaining how (or even if) this alleged policy was disseminated to police officers, what additional instructions or training they might have received in regard to interpreting or applying the alleged policy, or any other information . . . would illuminate how this alleged policy indeed relates to the allegations in this case").

Defendants also contend that comparing Maywood's use-of-force policy and the Illinois use-of-force statute, as Plaintiff does in his Amended Complaint, does not demonstrate that Maywood's policy is facially unconstitutional. (Dkt. 45 at 7–9). The Court agrees. After discovery, the Court will determine the constitutionality of Maywood's policy pursuant to Fourth Amendment jurisprudence, and not by comparing it to another policy, regulation, or statute.

## III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [45] is **DENIED**. Defendants are given until **January 15, 2016**, to file an answer to the Amended Complaint.

E N T E R:

Dated: December 18, 2015

*(signature)*

MARY M. ROWLAND
United States Magistrate Judge