| | |
|---|---|
| DEON DUFF,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT GRANDBERRY,<br>OFFICER PATRICK REILLY, AND<br>THE VILLAGE OF MAYWOOD,<br><br>    Defendants. | No. 14 CV 8967<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Deon Duff ("Plaintiff" or "Duff") filed a Motion to Bar Eric Ostrov, J.D., Ph.D. from testifying at trial. (Dkt. 131). For the reasons stated below, the Court DENIES Plaintiff's Motion. However, as set forth below, Defendants Sergeant Patrick Grandberry, Officer Patrick Reilly and the Village of Maywood (collectively, "Defendants") shall provide Plaintiff with an amended expert report and pay for the cost of Dr. Ostrov's deposition, if Plaintiff decides to take his deposition.

### I. BACKGROUND

Plaintiff moves to bar Defendants' expert, Dr. Ostrov, from testifying at trial. Plaintiff argues that Defendants disclosed Dr. Ostrov one week after the court-ordered deadline, did not list prior deposition or trial testimony or his compensation in this case, and failed to include a complete list of "the facts or data considered by the witness in forming [his opinions]," as required under Rule 26(a)(2)(B)(ii).

Defendants respond that Dr. Ostrov's report was hand-delivered to Plaintiff on February 6, 2017, not February 8, 2017[1] and that two of the alleged deficiencies—the missing deposition and trial testimony and compensation—were remedied by the additional materials Defendants sent to Plaintiff on February 27, 2017. (Dkt. 136 at 3).[2] Defendants also dispute the contention that Dr. Ostrov's report did not comply with Rule 26(a)(2)(B)(ii). Defendants argue that Dr. Ostrov "stated that he reviewed the records from Duff's confinement at the Cook County jail, *depositions of various medical treaters of the Plaintiff* and Mundt's report on the Plaintiff as well as the raw data from the evaluation tests….Based on the information drawn from the Cook County Jail Records, the Mundt Report and the raw data associated with the Mundt Report, Ostrov presented his conclusions and [] opinion…" (Dkt. 136 at 2–3) (emphasis added). Dr. Ostrov's report then discusses the Cook County Jail Records and the report written by John Mundt, Ph.D., including the psychological test data associated with that report. (Dkt. 131 at 9–15). Dr. Ostrov's report nowhere makes clear what depositions he considered.

---

[1] Plaintiff attaches to his Motion a February 8, 2017 email from Mr. Moor, Plaintiff's counsel, to Dr. Mundt, Plaintiff's expert. (Dkt. 131 at 8). This email does not show when *Defendants* delivered Dr. Ostrov's report to Plaintiff. Defendants say the date was February 6, 2017, and letter attached to Defendants' Response supports this. (Dkt. 136, Exh. D). Regardless, the Court does not find that the relatively minor delay warrants barring Defendants' expert at trial.

[2] Plaintiff admits that these deficiencies have been remedied, but argues that he would be harmed by the late disclosures if the Court allows an extension for Dr. Ostrov to be deposed and does not require Defendants to pay Dr. Ostrov's deposition fee. (Dkt. 140 at 2).

## II. DISCUSSION

**A. Defendants Did Not Comply With Rule 26(a)(2)(B)(ii)**

An expert report "must contain…the facts or data considered by the witness in forming [the opinions]." F.R.C.P. 26(a)(2)(B)(ii). Plaintiff argues that he cannot tell from the report whether Dr. Ostrov considered the depositions and records of Plaintiff's various medical treaters, and if he did, which depositions or records he considered. (Dkt. 131 at 4). The Court agrees that the report does not sufficiently describe the "facts or data considered" by Dr. Ostrov.

Rule 26(a)(2) "mandates a complete and detailed report." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). A complete report is required so that "opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *Salgado by Salgado v. GMC*, 150 F.3d 735, 741 n.6 (7th Cir. 1998). The phrase "facts or data" is interpreted broadly "to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." F.R.C.P. 26(a)(2)(B), 2010 Advisory Committee Note. "A testifying expert must disclose and therefore retain whatever materials are given him to review in preparing his testimony, even if in the end he does not rely on them in formulating his expert opinion, because such

materials often contain effective ammunition for cross-examination." *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005).

Dr. Ostrov's report begins by stating that he reviewed records including "depositions of various medical treaters of the Plaintiff," without specifying which treaters' depositions or records were reviewed. (Dkt. 131 at 9). The report goes on to discuss only the Cook County Jail Records, the Mundt Report and underlying data to the Mundt Report. This is not specific enough to comply with Rule 26(a)(2)(B)(ii). Plaintiff should not have to guess which deposition transcripts and exhibits Dr. Ostrov relied upon and should not have to depose Dr. Ostrov to discover information that should be in the expert report. Barring Dr. Ostrov from testifying at trial, however, is not warranted.

**B. Defendants' Non-Compliance Warrants Requiring an Amended Report and Defendants' Payment of Expert's Deposition Costs**

While non-compliance with Rule 26(a)(2)(B) can result in the "exclusion of an expert's testimony. . .unless the failure was substantially justified or is harmless," (*Meyers v. Amtrak*, 619 F.3d 729, 734 (7th Cir. 2010) (internal citations and quotations omitted)), Rule 37(c) also provides that "[i]n addition to or instead of this sanction, the court…may impose other appropriate sanctions." F.R.C.P. 37(c)(1)(C). The Court has discretion to determine the appropriate sanction for failure to disclose or supplement an expert report. *See Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 763 (7th Cir. 2010); *Keach v. U.S. Tr. Co.*, 419 F.3d 626, 640 (7th Cir. 2005). A district court's discretion under Rules 26(a) and 37(c)(1) is guided by four factors: "(1) the prejudice or surprise to the party against whom the evidence

is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (internal citations omitted). Barring expert testimony completely is considered a harsh punishment for failing to comply with Rule 26(a)(2)(B). *See Fid. Nat'l Title Ins. Co.*, 412 F.3d at 751 (district court's decision to exclude expert witness from testifying at jury trial was too severe a sanction); *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, 840 F. Supp. 2d 1072, 1081 (N.D. Ill. 2012) (ordering expert to amend his report and concluding that total exclusion of the expert's testimony would be too severe).

Plaintiff does not assert that Dr. Ostrov's report is so vague that Dr. Ostrov's opinions cannot be deciphered, that trial is only weeks away and Dr. Ostrov is just now being disclosed as an expert witness, or that there is any evidence of bad faith on the part of Defendants or Dr. Ostrov. Rather, Plaintiff's complaint is akin to the one in *Rossi v. Groft*, No. 10 C 50240, 2013 U.S. Dist. LEXIS 50747 (N.D. Ill. Apr. 9, 2013). There, the Court denied plaintiff's motion to bar defendants' expert from testifying and allowed the expert's report to be amended three months before trial because:

> Dr. Rosenblatt's disclosure as originally served insufficiently states that he 'has reviewed extensive medical records including radiological examinations' and refers to the specific medical records on which he bases his opinion, but does not comprehensively list all of the records that he reviewed…This is not a situation where defendants are seeking to change or supplement any of Dr. Rosenblatt's opinions; they are simply listing the materials he reviewed. Significantly, all of documents on the list are Rossi's medical records or pleadings and

discovery materials in this case. There are no new materials to which Rossi's counsel has not had access.

*Id.* at *9. This Court finds no prejudice or surprise to Plaintiff from Dr. Ostrov amending his report to clarify whether he considered the treating doctors' depositions and records. Plaintiff contends that Defendants' Rule 26(a)(2)(B)(ii) violation "makes effective cross examination impossible," (Dkt. 131 at 4) but does not elaborate on this broad statement. Any prejudice that Plaintiff perceives should be relieved by Dr. Ostrov amending his report, when there is still approximately five months before trial and Plaintiff has time to depose Dr. Ostrov if he chooses.[3] *See Allstate Ins. Co.*, 840 F. Supp. 2d at 1079 (Rule 26's and the Court's goal is to "level [the] playing field" and facilitate the "fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case.") (internal quotations and citations omitted); *Talbert v. City of Chi.*, 236 F.R.D. 415, 425 (N.D. Ill. 2006) (allowing supplemental expert report to be filed).

Plaintiff requests that if Dr. Ostrov is not barred from testifying at trial, that he be barred from testifying that he reviewed the depositions and records of Dr. Kassa, Dr. Shikari, and Jerry Souta and the records of Elmhurst Memorial Hospital and Procare Behavioral Health. (Dkt 140 at 4). The Court does not find this to be an

---

[3] Plaintiff criticizes Dr. Ostrov for ignoring Mr. Duff's treating doctors' testimony that Mr. Duff was not malingering. (Dkt. 140 at 3). While Rule 26(a)(2) requires a complete disclosure of the "facts or data considered," a failure to discuss treating doctors' opinions goes to the weight a jury would assign to the expert testimony, not its admissibility. *Rossi*, 2013 U.S. Dist. LEXIS 50747 at *8 (citing *Ortiz v. City of Chi.*, 656 F.3d 523, 537 (7th Cir. 2011)).

*Duff v. Grandberry et al*, 14 C 8967

appropriate sanction either. Plaintiff also does not identify any prejudice that would result from Dr. Ostrov testifying at trial that he considered the depositions and records of the treating doctors (if he in fact did). Dr. Ostrov must truthfully indicate what records he relied upon and how they impact his opinion.

At the same time, Defendants' noncompliance with Rule 26(a)(2) is not completely harmless. Defendants caused the Plaintiff and the Court to expend unnecessary time and resources on a matter that should have been disclosed in Dr. Ostrov's initial report. Therefore, some sanction is warranted. Defendants must promptly provide an amended report for Dr. Ostrov, and if Plaintiff choses to depose Dr. Ostrov, Defendants must pay for the cost of his time and travel in attending the deposition and any court reporter and transcript fees for the deposition.[4]

### III. CONCLUSION

For the reasons discussed, Plaintiff's Motion to Bar [131] is DENIED. However, the Court orders that Defendants must provide Dr. Ostrov's amended report to Plaintiff within 14 days from the date of this order. Dr. Ostrov's report shall be amended as described in this order, but his opinions and conclusions may not be changed. Plaintiff then will be permitted to depose Dr. Ostrov and the deadline to complete that deposition is extended to June 9, 2017. If Plaintiff deposes Dr. Ostrov,

---

[4] In finding that the exclusion of expert testimony was too severe a sanction, the Seventh Circuit in *Fid. Nat'l Title Ins. Co.* explained that "[a]ny (slight) harm to STG caused by Fidelity's violation of Rule 26 could have been fully compensated by the judge's granting STG a continuance to enable it to conduct any additional discovery that might have been warranted by information revealed by the interview notes and requiring Fidelity to reimburse STG for the expense of such additional discovery and for any other litigation expenses caused by Fidelity's failure to make timely and complete disclosure of the notes. Fed. R. Civ. P. 37(c)(1)." 412 F.3d at 752.

*Duff v. Grandberry et al*, 14 C 8967

Defendants shall pay for the cost of Dr. Ostrov's time and travel in attending the deposition and any court reporter and transcript fees for the deposition.

E N T E R:

Dated: April 17, 2017

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge